USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOSE JIMENEZ,

              Petitioner,                    04 Civ. 10155

   -against-                                    OPINION

WILLIAM PHILLIPS,

              Respondent.

------------------------------------X

A P P E A R A N C E S:

        Petitioner Pro Se

        JOSE JIMENEZ
        Green Haven Correctional Facility
        Southern District of New York
        P.O. Box 4000
        Stormville, NY  12582


        Attorney for Respondent William Phillips

        ROBERT T. JOHNSON
        District Attorney, Bronx County
        198 East 161st Street
        Bronx, NY  10451
        By:  Na Na Park, Esq.
             Nancy D. Killian, Esq.

**Sweet, D.J.**

Petitioner Jose Jimenez ("Jimenez," or the "Petitioner") has filed a request, pursuant to Fed. R. Civ. P. 60(b), to vacate the Court's judgment dated January 16, 2006 (the "2006 Opinion"), which dismissed the Petitioner's petition writ of habeas corpus filed against Respondent William Phillips ("Phillips," or the "Respondent"). Based upon the conclusions set forth below, Petitioner's motion to vacate is denied.

**Prior Proceedings**

The facts of the case and its prior proceedings are described in detail in the 2006 Opinion. See <u>Jimenez v. Phillips</u>, No. 04 Civ. 10155(RWS), 2006 WL 118369 (S.D.N.Y. Jan. 16, 2006). Following a jury trial, Petitioner was convicted on May 7, 1998 in the Supreme Court of the State of New York, Bronx County, of one count of murder in the second degree and one count of robbery in the first degree. Petitioner was sentenced to terms of imprisonment of 25 years to life for the first count and eight and a half to 25 years for the second count, to run concurrently. The Appellate Division, First Department, affirmed the conviction on direct appeal on June 1, 2000. See

People v. Jimenez, 273 A.D.2d 9, 710 N.Y.S.2d 243 (1st Dep't 2000). The New York Court of Appeals denied leave to appeal to that court on October 26, 2000. See People v. Jimenez, 95 N.Y.2d 906, 716 N.Y.S.2d 646 (2000).

In an application dated July 10, 2001, Petitioner moved the Appellate Division First Department for a writ of error coram nobis, alleging that his appellate counsel was ineffective for failing to raise the claim that he was denied his right to be present during peremptory challenges at voir dire and the claim that the trial court failed to inform him of his right to be present. In a subsequent motion dated March 5, 2002, Petitioner moved the trial court to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10, claiming that his trial counsel was ineffective and that the indictment was defective because it failed to enumerate the elements of the crimes that were charged. On April 4, 2002, the Supreme Court denied the motion sua sponte. On June 20, 2002, the Appellate Division denied both Petitioner's leave to appeal the lower court's denial of his § 440.10 motion and his writ of coram nobis.

On November 1, 2004, Petitioner filed a writ of habeas corpus in this Court, claiming (1) that the trial court's reasonable doubt charge denied his due process right to a fair trial in violation of the Fourteenth Amendment of the United States Constitution and Article I, section 6 of the New York Constitution; (2) ineffective assistance of counsel at the trial and appellate levels in violation of the Sixth and Fourteenth Amendments of the United States Constitution; and (3) that the trial court did not have jurisdiction over him.  In the 2006 Opinion, Petitioner's petition for a writ of habeas corpus was denied on the basis that the motion was time-barred by the Antiterrorism Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, see 28 U.S.C. § 2244, and that Petitioner had failed to allege any facts that would justify equitable tolling of the limitation period.  On March 15, 2007, the United States Court of Appeals for the Second Circuit denied Petitioner's motion for a certificate of appealability.

Petitioner filed his present motion to vacate the Court's judgment pursuant to Rule 60(b) on April 30, 2012.  The motion was marked fully submitted on May 30.

**Applicable Standard**

Fed. R. Civ. P. 60(b) provides that a district court may relieve a party from a final judgment or order in five enumerated circumstances and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). "The Second Circuit has set forth a three-prong test in order for a Rule 60(b) motion to succeed: (1) there must be highly convincing evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, No. 07 Civ. 11612(SAS), 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. U.S. Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." Broadway v. City of New York, No. 96 Civ. 2798(RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

In addressing the present motion, the Court is mindful that Petitioner is proceeding pro se and that his submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The courts "construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest." Fuller v. Armstrong, 204 Fed. Appx. 987, 988 (2d Cir. 2006); see also Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel."). However, the courts will not "excuse frivolous or vexatious filings by pro se litigants," Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005), and "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

5

**Petitioner's Motion To Vacate The 2006 Opinion Is Denied**

Petitioner's pleading is at times difficult to interpret, but in reading his motion to raise the strongest argument it suggests, it appears that Petitioner is contending that the statute of limitations for his habeas filing should be equitably tolled because Petitioner has established extraordinary circumstances that prevented him from filing his petition on time. Petitioner states that, although he acted with reasonable diligence, he was mislead by his counsel, Alirez Dilmaghani, Esq. Petitioner contends that, following the sudden death of his former counsel Daniel C. Furman, Esq., Dilmaghani wrongfully informed him that his habeas petition was "in process" and that he was mislead by counsel. According to Petitioner, Dilmaghani has defrauded other clients, thereby supporting his contention that Dilmaghani caused Petitioner's habeas petition to be untimely filed.

In support of his motion, Petitioner attaches various exhibits: (1) an email dated March 30, 2004 from "Furman Law" to Petitioner's wife stating that Petitioner's case "has been re-assigned for further investigation;" (2) an email dated June 9, 2004 from "Furman Law" to Petitioner's wife stating, in part,

"Your husbands case is in process. When we have an answer we will let you know. Thank you. Al Dilmaghani."; (3) a letter dated August 30, 2004 from Petitioner to Dilmaghani expressing sympathies with respect to the passing of Mr. Furman, asking if a writ of habeas corpus has been filed on Petitioner's behalf, requesting a copy of the papers and requesting an affidavit from Dilmaghani testifying as to what has transpired regarding Petitioner's legal file so that Petitioner can file a request for equitable tolling; (4) a letter from Alirez Dilmaghani, acting as probate counsel for the Estate of Daniel Furman, informing Mr. Furman's clients of Mr. Furman's passing and of the fact that all staff attorneys, with the exception of Dilmaghani, have resigned and that any legal documents will be mailed to Mr. Furman's clients under separate cover; (5) an email dated May 29, 2011 of unknown origin entitled "FBI – Freedom Forum Unmasked Newsletter / Were You A Victim of the Law Firm(s) Called the Freedom Forum of New York City, Furman Law Firm, and/or Alirez Dilmaghani" and detailing various alleged wrongdoings on the part of Dilmaghani; and (6) an undated newspaper article entitled "Feds bust Rainmaker," which includes the highlighted statement, "The SEC said that three defendants, Alirezha Dilmaghani, Sidney F. Levine and J.J Conway paid

themselves over $3.75 million and paid another $850,000 of investors' money back to selected investors as interest."

The moving party bears the burden of establishing good cause for a delay in filing a Rule 60(b) motion. Kotlicky, 817 F.2d at 9. To satisfy that burden, the movant must provide evidence that is "highly convincing." Id. at 9 (citation omitted). Here, Petitioner filed his Rule 60(b) motion on April 30, 2012, seeking to vacate an order this Court issued on January 16, 2006. Notwithstanding Petitioner's contentions, the motion to vacate is time-barred, as Fed. R. Civ. P. 60(c) requires that "[a] motion under Rule 60(b) must be made within a reasonable time." To determine what constitutes a "reasonable" amount of time, the Court must "look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" Grace v. Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (citing Kotlicky, 817 F.2d at 9). This motion, made over six years after this Court's entry of judgment, is time-barred, especially because Petitioner has offered no explanation for his delay. Courts have found delays much shorter than six years to be unreasonably long in the context of Rule 60(b) motions. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was

8

made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time."); James v. United States, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) ("Petitioner waited over twenty-one months before filing this motion on February 7, 2005. Petitioner has not explained this delay. Federal courts have found unexcused delays shorter than twenty-one months to be unreasonable and therefore, time-barred . . . Accordingly, the court finds that the [] claim as not made within a reasonable time and may not be considered.") (citations omitted). Petitioner's exhibits date back to 2004, and Petitioner had articulated no reason why he waited until 2012 to file this motion to vacate. Although Petitioner contends that "extraordinary circumstances" justify his motion's lack of timeliness, his arguments concerning these "extraordinary circumstances" relate to his failure to comply with the one-year statute of limitations imposed by AEDPA rather than the "reasonable time" limitation imposed under Rule 60(b). Because of the unreasonable delay between the Court's 2006 Opinion and the present motion, Petitioner's motion to vacate is denied.

## Conclusion

Based upon the conclusions set forth above, Petitioner's motion to vacate is denied.

It is so ordered.

New York, NY
June 20, 2012

_____
ROBERT W. SWEET
U.S.D.J.